**FILED**
**Feb 06, 2025**
**12:49 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **MARY DAVIS** | ) | **Docket No.: 2023-08-6798** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ELVIS PRESLEY ENTERPRISES,** | ) | |
| **INC.,** | ) | **State File No.: 46845-2023** |
| **Employer,** | ) | |
| And | ) | |
| **OBI NATIONAL INS. CO.,** | ) | |
| **Carrier.** | ) | **Judge Shaterra R. Marion** |
| | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an expedited hearing on February 3, 2025, on Ms. Davis's request for benefits for her knee and elbow injuries. Elvis Presley argued that Ms. Davis's injury did not arise out of her employment. For the reasons below, the Court agrees with Elvis Presley and denies Ms. Davis's request.

### History of Claim

Ms. Davis testified that on June 17, 2023, she fell while walking through a basement hallway. She said she fell because the floor was slippery, and she found out later that the floor had recently been cleaned and waxed. Ms. Davis did not know when the floors had been waxed but knew it was done in anticipation of an upcoming event.

Ms. Davis's co-worker Keith Smith testified that he waxed the floor on June 11, almost a week before the fall. He stated that the entire process, waxing and drying, takes three to four hours and he puts out signs. Once the wax dries, it is slip-resistant. Mr. Smith did not work the day of Ms. Davis's fall but testified that if someone spilled some other liquid in that hallway, "then everyone would know it" because of the amount of foot traffic.

Elvis Presley provided video footage of the fall. It showed Ms. Davis walking about halfway down the hallway when her foot appeared to catch, causing her to fall forward.

1

The video did not appear to show any visual difference between the part of the hallway where she fell and any other part of the hallway.

Elvis Presley denied Ms. Davis's claim, and she sought unauthorized treatment with Dr. Jay Saenz. He diagnosed right-knee and left-elbow fractures and recommended further treatment. Ms. Davis requested that Dr. Saenz be named her authorized treating physician.

**Findings of Fact and Conclusions of Law**

Ms. Davis has the burden of proving she is likely to prevail at a hearing on the merits on her claim for benefits for her knee and elbow injury. Tenn. Code Ann. § 50-6-239(d)(1) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). She must show the injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann.§ 50-6-102(12).

Elvis Presley contended that Ms. Davis suffered an idiopathic injury. An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless "some condition of the employment presents a peculiar or additional hazard." *Bullard v. Performance Facilities Grp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *7 (Aug. 7, 2018). An idiopathic injury is compensable "if an employment hazard causes or exacerbates the injury." *Id.* at *8. "Cause" in this context means that the accident originated in the hazards to which the employee was exposed as a result of performing her job duties. *Id.* The focus is on the causal link between the employment and the accident or injury, rather than a causal link between the employment and the idiopathic episode. *Id.* at *9. Tennessee Courts have repeatedly held that an injury that occurs while walking is not compensable unless an employment hazard such as a puddle of water exists and causes the injury. *Id.* at *11.

The Court finds that Ms. Davis was in the course and scope of her employment when she fell. However the issue is whether her injury arose out of her employment. The Court holds it did not.

While Ms. Davis testified that she slipped, she did not identify a hazard specific to her employment that caused her fall. She only referenced the fact that she learned, after her fall, that the floor had recently been waxed. However, according to Mr. Smith, the waxing took place almost a week before Ms. Davis's fall and would have fully dried that same day.

Additionally, the video shows Ms. Davis walking down half of the hallway without incident. She then tripped on her foot and fell; she did not slip. Ms. Davis presented no evidence to show a puddle or other hazard that caused her fall.

Therefore, the Court finds that Ms. Davis's injury was idiopathic in nature. She is not likely to prevail at a hearing on the merits establishing that her injury arose out of her

employment.

**IT IS THEREFORE ORDERED** as follows:

1.  Ms. Davis's request for benefits related to her knee and elbow injury is denied.

2.  The court sets **a status conference for March 10, 2025, at 9:45 a.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call may result in a determination of the issues without the party's participation.

    **ENTERED February 6, 2025.**

    _____
    **Judge Shaterra R. Marion**
    **Court of Workers' Compensation Claims**

## APPENDIX

<u>Exhibits</u>:
1.  OrthoSouth Medical Records
2.  Results Physiotherapy Medical Records
3.  OrthoSouth and Results Physiotherapy Medical Bills
4.  Video of Ms. Davis's Fall
5.  Notice of Denial
6.  Safety Data Sheet for Untouchable Floor Finish with SRT
7.  Petition for Benefit Determination with Addendum
8.  Methodist Hospital Medical Records

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on February 6, 2025.

| Name | Email | Service sent to: |
| --- | --- | --- |
| Andrew Wener, Scott Kramer, Employee's Attorneys | X | awener@wenerlawfirm.com skramer@wenerlawfirm.com |
| Lesley Floyd, Doug Dooley, Employer's Attorneys | X | lesley.floyd@leitnerfirm.com doug.dooley@leitnerfirm.com |

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*